**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>-against-<br><br>HERMANOS BAKERY CORP., STATE STREET PROPERTIES, LLC and CARMEN TORRES,<br><br>Defendants. | Civil Action No.: 18-8307<br><br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff, Atlantic Casualty Insurance Company ("Atlantic Casualty"), under 28 U.S.C. §2201 et seq. and Fed.R.Civ.P. 57, and for their Complaint for Declaratory Judgment, states as follows:

## PARTIES, JURISDICTION & VENUE

1. Plaintiff, Atlantic Casualty, is a North Carolina corporation with its principal place of business in North Carolina.

2. Defendant Hermanos Bakery Corp. is a domestic corporation formed and operating under the laws of the State of New Jersey, with its principal place of business located in Passaic, New Jersey.

3. Defendant State Street Properties, LLC is a limited liability company formed and operating under the laws of the State of New Jersey, with its principal place of business located in Passaic, New Jersey.

4. Upon information and belief, all of the owners and/or members of State Street Properties, LLC are residents of the State of New Jersey.

1

5. Upon information and belief, none of the owners and/or members of State Street Properties are residents of the State of North Carolina.

6. Upon information and belief, Carmen Torres is a natural person who is a resident of New Jersey.

7. This action seeks a declaration that Atlantic Casualty does not provide insurance coverage for any claims arising out of Carmen Torres' accident which allegedly occurred on or about February 17, 2014 (the "Accident"), including but not limited to the claims asserted in the lawsuit entitled *Carmen Torres v. Hermanos Bakery Corp., et al*, bearing Passaic County Superior Court docket number PAS-L-003883-15 (the "Underlying Lawsuit").

8. Upon information and belief, there is no verdict or judgment in the Underlying Lawsuit and all damages remain unliquidated, but may exceed the jurisdictional amount of this Court.

9. Policy number L206000147 (the "Policy") was issued on behalf of Atlantic Casualty with effective dates from July 29, 2013 to July 29, 2014.

10. The Policy lists Hermano's Bakery Corp. ("Hermano's") and State Street Properties LLC ("State Street"), among others, as named insureds.

11. The Policy has a $1,000,000 per occurrence limit, which exceeds the jurisdictional amount of this Court.

12. Ms. Torres obtained an arbitration award in the Underlying Lawsuit awarding her a recover of $80,000 from Hermanos Bakery Corp. ("Hermanos").

13. Upon information and belief, Ms. Torres filed a request for trial *de novo* and seeks an award in an amount above $80,000.

14. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) by reason of the diversity of citizenship of the parties and the fact that the amounts in controversy exceeds the sum of $75,000 exclusive of costs.

15. Venue is appropriate in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391.

## BACKGROUND

16. The Underlying Lawsuit was commenced by Summons & Complaint filed on November 12, 2015 naming Hermanos and State Street as defendants, among others.

17. According to the Complaint in the Underlying Lawsuit, Carmen Torres allegedly suffered injuries on February 17, 2014 as a result of a slip and fall accident which she alleges occurred on premises located at 38 State Street, Passaic, Passiac County, New Jersey.

18. Upon information and belief, Hermano's and/or State Street had knowledge of the Accident on or about the day it occurred.

19. On or about December 2, 2015 Hermanos was served with copies of the Summons and Complaint in the Underlying Lawsuit.

20. Atlantic Casualty was first notified of the Accident on September 14, 2015.

21. Atlantic Casualty was first notified of the Underlying Lawsuit on September 14, 2015.

22. Before Atlantic Casualty received any notice of the Accident or Underlying Lawsuit, Carmen Torres had obtained entry of default against Hermanos in the Underlying Lawsuit.

23. Before Atlantic Casualty received any notice of the Accident or Underlying Lawsuit, Carmen Torres had obtained entry of default against State Street in the Underlying Lawsuit.

24. Before Atlantic Casualty received any notice of the Accident or Underlying Lawsuit an arbitration award had been issued as against Hermanos in the Underlying Lawsuit in the amount of $80,000.

25. Before Atlantic Casualty received any notice of the Accident or Underlying Lawsuit, Carmen Torres had requested a proof hearing be scheduled with respect to her claims against Hermanos and State Street in the Underlying Lawsuit.

26. Atlantic Casualty has been unsuccessful in vacating the default entered in the Underlying Lawsuit.

27. Atlantic Casualty has suffered appreciable prejudice as a result of the fact that it did not receive timely notice of the Accident and/or the Underlying Lawsuit.

## AS AND FOR A FIRST CAUSE OF ACTION

28. Atlantic Casualty repeats, reiterates and re-alleges each and every allegation set forth above and below as though fully set forth herein.

29. The Policy states, in relevant part:

*a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.*
*\* \* \**

30. The Policy lists Hermano's and State Street as named insureds.

31. The Policy does not list Hermanos as an insured.

32. To the extent Hermano's and Hermanos are separate entities, no coverage is afforded for Hermanos under the Policy for any claims.

33. To the extent Hermano's and Hermanos are separate entities, Atlantic Casualty does not owe any coverage to Hermanos for any claims arising out of the Accident, including but not limited to the claims asserted in the Underlying Lawsuit.

34. As a result, a justiciable controversy exists between Atlantic Casualty and the defendants concerning the rights of each under the terms and conditions of the Policy.

35. Atlantic Casualty has no adequate remedy at law.

## AS AND FOR A SECOND CAUSE OF ACTION

36. Atlantic Casualty repeats, reiterates and re-alleges each and every allegation set forth above and below as though fully set forth herein.

37. The Policy contains certain conditions to coverage, including the following:

*SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS*

*\* \* \**

*2. Duties In The Event Of Occurrence, Offense, Claim Or Suit*

    *a.* *You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:*

        *(1)* *How, when and where the "occurrence" or offense took place;*

        *(2)* *The names and addresses of any injured persons and witnesses; and*

        *(3)* *The nature and location of any injury or damage arising out of the "occurrence" or offense.*

    *b.* *If a claim is made or "suit" is brought against any insured, you must:*

        *(1)* *Immediately record the specifics of the claim or "suit" and the date received; and*

        *(2)* *Notify us as soon as practicable.*

        *You must see to it that we receive written notice of the claim or "suit" as soon as practicable.*

    *c.* *You and any other involved insured must:*

        *(1)* *Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";*

5

> *(2)  Authorize us to obtain records and other information;*
>
> *(3)  Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and*
>
> *(4)  Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.*
>
> **d.**  *No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.*

78. Notice of the Accident was not provided to Atlantic Casualty as soon as practicable.

79. Notice of the Underlying Lawsuit was not provided to Atlantic Casualty as soon as practicable.

80. Demands, notices, summonses and other legal papers received in connection with the Underlying Lawsuit were not immediately sent to Atlantic Casualty.

81. Notice of the Accident was not timely provided.

82. Notice of the Underlying Lawsuit was not timely provided.

83. The failure to provide timely notice of the Accident constitutes a breach of the conditions of coverage under the Policy.

84. The failure to provide timely notice of the Underlying Lawsuit constitutes a breach of the conditions of coverage under the Policy.

85. The failure to timely forward demands, notices, summonses and other legal papers to Atlantic Casualty constitutes a breach of the conditions of coverage under the Policy.

86. Atlantic Casualty has suffered appreciable prejudice as a result of the untimely notice of the Accident and/or Underlying Lawsuit.

87. Atlantic Casualty has suffered appreciable prejudice as a result of the failure to timely forward demands, notices, summonses and other legal papers.

88. As a result, Atlantic Casualty does not owe any coverage nor any duty to either defend or indemnify Hermanos, State Street or any other person or entity, with respect to any claims or suits arising out of the Accident, including but not limited to the claims asserted in the Underlying Lawsuit.

89. As a result, a justiciable controversy exists between Atlantic Casualty and the defendants concerning the rights of each under the terms and conditions of the Policy.

90. Atlantic Casualty has no adequate remedy at law.

**WHEREFORE**, Atlantic Casualty respectfully requests judgment in its favor:

(A) Declaring that Atlantic Casualty does not owe any insurance coverage, including but not limited to, any obligation to defend and/or indemnify any person or entity with respect to any claim arising out of the Accident, including, but not limited to, the claims asserted in the Underlying Lawsuit.

(B) Granting Atlantic Casualty such other, further and different relief as this Court deems just, equitable and proper.

KEIDEL, WELDON & CUNNINGHAM, LLP

By: *Robert W Lewis*
Debra M. Krebs, Esq.
Robert W. Lewis, Esq.
*Attorneys for Plaintiff*
*Atlantic Casualty Insurance Company*
925 Westchester Avenue
Suite 400
White Plains, NY 10604
(914) 984-7000

Dated: April 25, 2018